UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 9:17-CV-80207-ROSENBERG/HOPKINS

DOUGLAS BOURDON

    Plaintiff,

    v.

JEFFERSON B. SESSIONS, Attorney General
of the United States, *et al.*,

    Defendants.
_____/

## ORDER GRANTING MOTION TO DISMISS

THIS CAUSE is before the Court on Defendants' Motion to Dismiss [DE 34]. The Motion has been fully briefed by both sides. The Court has reviewed the documents in the case file and is fully advised in the premises. For the reasons set forth below, Defendants' Motion to Dismiss is granted.

### I. BACKGROUND

Plaintiff Douglas Bourdon is a United States citizen. On June 18, 2008, Bourdon submitted a petition (the "I-130 petition") to the United States Citizenship and Immigration Services ("USCIS"), requesting that USCIS recognize his wife, Ms. Thi Thuan Tran, a citizen of Vietnam, as the immediate relative of a United States Citizen so that Ms. Tran could apply for an immigrant visa. Compl. ¶¶ 21-22, 31-32. On January 15, 2009, Plaintiff and Ms. Tran appeared for an interview on the petition. *Id.* ¶ 32. At the interview, Plaintiff was informed that he was ineligible to submit an I-130 pursuant to the Adam Walsh Child Safety and Protection Act of 2006, Pub. L. No. 109-248 (the "AWA"), because he had been convicted of a "specified offense against a minor" and had not established that he posed "no risk" to Ms. Tran as required by the

AWA. *Id.* Specifically, in 2003, Plaintiff was convicted of possession of a visual depiction of a minor engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(4)(B). Compl. at Ex. A at 2.

The USCIS issued Plaintiff a Request for Evidence ("RFE") regarding Plaintiff's offense and rehabilitation. *Id.* ¶ 33. Plaintiff responded, providing documentation including an affidavit from his wife and reports from a social worker and forensic examiner. *Id.* ¶ 34. The USCIS denied Plaintiff's petition again, based on his prior conviction and a determination that he had not demonstrated "beyond a reasonable doubt" that he posed no risk to Ms. Tran. *Id.* ¶ 35.

Plaintiff appealed that denial to the Board of Immigration Appeals ("BIA") and, on February 15, 2012, the BIA remanded Bourdon's petition to USCIS for further development of the record and additional briefing. *Id.* ¶ 36. USCIS subsequently issued another RFE, in response to which Bourdon submitted additional documentation, including additional forensic reports, affidavits from Bourdon, Ms. Tran, and Ms. Tran's family, medical records, and employment records. *Id.* ¶¶ 38-39. On November 21, 2014, after considering the newly submitted evidence, USCIS once again denied Bourdon's petition. USCIS concluded "in its exercise of sole and unreviewable discretion" that Plaintiff "failed to demonstrate that [he] pose[s] no risk to the beneficiary." Compl., Ex. A.

On December 23, 2015, Plaintiff commenced this action, attempting to allege six causes of action: (1) Count I: Impermissible Retroactive Application of the AWA, alleging that USCIS applied the Adam Walsh Act in an impermissibly retroactive manner because Bourdon's convictions preceded the statute; (2) Count II: Violation of Fifth Amendment Due Process and Equal Protection Guarantees, alleging violations of Bourdon's fundamental right to marry; (3) Count III: Violation of Congress's Enumerated Powers, alleging that the AWA is an

unauthorized interference with governmental recognition of Plaintiff's marriage; (IV) Violation of the Administrative Procedures Act ("APA"), alleging that USCIS adoption of a "beyond a reasonable doubt" standard required notice and comment; (5) Count VI: Violation of Procedural Due Process, alleging that USCIS improperly interfered with Bourdon's purported constitutional liberty interest in living with his wife in the United States; and (6) Count VI: Violation of the APA, based on USCIS's weighing and consideration of certain evidence and its requiring petitioners to establish "no risk" to the beneficiary, including adult beneficiaries, by a "beyond any reasonable doubt" standard.

## II. STANDARD OF REVIEW

### A. Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). A federal court is powerless to act beyond its statutory grant of subject matter jurisdiction. *See Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).

Motions to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) may attack jurisdiction facially or factually. *Morrison v. Amway Corp.,* 323 F.3d 920, 924 n.5 (11th Cir. 2003). When the jurisdictional attack is factual, the Court may look outside the four corners of the complaint to determine if jurisdiction exists. *Eaton v. Dorchester Dev.*, Inc., 692 F.2d 727, 732 (11th Cir. 1982). In a factual attack, the presumption of truthfulness afforded to a plaintiff under Fed. R. Civ. P. 12(b)(6) does not attach. *Scarfo v. Ginsberg*, 175 F.3d 957, 960 (11th Cir. 1999) (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). Because the

very power of the Court to hear the case is at issue in a Rule 12(b)(1) motion, the Court is free to weigh evidence outside the complaint. *Eaton*, 692 F.2d at 732.

B.     **Failure to State a Claim**

On a motion to dismiss for failure to state a claim, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. *Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004). To survive a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (alteration added) (quoting *Twombly*, 550 U.S. at 555). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

## III.     DISCUSSION

A.     **Relevant Statutory and Regulatory Background.**

The Immigration and Nationality Act ("INA"), as amended, allows a U.S. citizen to file a petition seeking to classify his or her foreign national spouse as an immediate relative for the purpose of allowing his or her spouse to immigrate to the United States. *See* 8 U.S.C. § 1154(a)(1)(A)(i). Congress delegated the authority to adjudicate immigrant visa petitions classifying aliens as immediate relatives to USCIS. *See* Homeland Security Act of 2002, Pub. L. No. 107-296, § 451(b)(1) (Nov. 25, 2002) (codified at 6 U.S.C. § 271(b)(1)). Congress also delegated authority to establish policies governing the adjudication of immigrant visa petitions to

USCIS. *Id.* § 451(a)(3)(A). A U.S. citizen may seek classification of his or her foreign national spouse as an immediate relative by filing a Form I-130 petition with USCIS. *See* 8 C.F.R. §§ 204.1(a)(1), 204.2(a)(1). The petitioner bears the burden of establishing that he or she is eligible to petition for the alien beneficiary of the petition. *See* 8 U.S.C. § 1361.

In 2006, Congress amended the INA through passage of the Adam Walsh Child Protection and Safety Act ("AWA"), Pub. L. No. 109-248, 120 Stat. 586. The AWA bars a citizen from filing a visa petition on behalf of his or her spouse if that citizen has been convicted of a "specified offense against a minor," unless the Secretary of Homeland Security, in the Secretary's "sole and unreviewable discretion" determines that the citizen "poses no risk" to the visa petitioner's beneficiary.[1] *See* Pub. L. No. 109-248, § 402(a) (codified *at* 8 U.S.C. § 1154(a)(1)(A)(viii) & (B)(i)(I)). The list of "specified offense[s]" includes "[p]osession, production, or distribution of child pornography" and "[a]ny conduct that by its nature is a sex offense against a minor." *Id*. § 111(7) (codified at 42 U.S.C. § 16911(7)).

USCIS has issued guidance memoranda clarifying certain issues regarding the AWA. *See* Michael Aytes, Associate Director, Domestic Operations, Guidance for Adjudication of Family-Based Petitions and I-129F Petition for Alien Fiancé(e) under the Adam Walsh Child Protection and Safety Act of 2006 (USCIS Feb. 8, 2007), https://www.uscis.gov/sites/default/files/USCIS/Laws/Memoranda/Static_Files_Memoranda/adamwalshact020807.pdf ("Aytes Memorandum."). USCIS interprets the AWA's provision that a petitioner "poses no risk to the beneficiary" to mean "that the petitioner must pose no risk to the safety or well-being of the beneficiary, which includes the principal beneficiary and any alien derivative beneficiary."

---

[1] The Secretary may delegate this discretionary authority to the appropriate agency, here the USCIS. *See* 8 C.F.R. § 2.1.

*Id.* at 5. The petitioner must submit evidence that demonstrates "beyond any reasonable doubt" that he or she poses no risk to the intended beneficiary. *Id.*

In a case where the petitioner seeks a visa for an adult beneficiary, USCIS "closely examine[s] the petitioner's specified offense and other past criminal acts to determine whether the petitioner poses any risk to the safety or well-being of the adult beneficiary." *Id.* at 7. Because the statute conditions granting an I-130 petition on an affirmative finding of "no risk" to the beneficiary, the petitioner bears the burden of proving "beyond any reasonable doubt, that he or she poses no risk to the intended adult beneficiary." *Id.* "The fact that a petitioner's past criminal acts may have been perpetrated only against children . . . may not, in and of [itself] be sufficient to convince USCIS that the petitioner poses no risk to the adult beneficiary." *Id.*

If USCIS denies an I-130 petition, the petitioner has the right to appeal the decision to the BIA. *See* 8 C.F.R. § 204.2(a)(3). The BIA, in turn, has jurisdiction to determine de novo issues of fact and law when reviewing USCIS's denial of an I-130 petition. *See* 8 C.F.R. § 1003.1(d)(3)(iii); 67 Fed. Reg. 54,878, 54,981 (Aug. 26, 2002). The BIA lacks jurisdiction to review USCIS's discretionary assessment of "no risk" under the AWA. *See In re Aceijas-Quiroz*, 26 I. & N. Dec. 294, 300-01 (BIA 2014).

**B.     The Court Lacks Jurisdiction over Plaintiff's APA Claims.**

Federal courts lack jurisdiction to review discretionary denials of immigration benefits. 8 U.S.C. § 1252(a)(2)(B). Thus, the Court lacks jurisdiction to review any claim that constitutes a challenge to a discretionary decision by USCIS. *Id.*; *see also* 5 U.S.C. § 701(a) (prohibiting judicial review of agency actions committed to the agency's discretion by statute). The relevant statutory provision in this case, 8 U.S.C. § 1154(a)(1)(A)(viii), grants "sole" authority to USCIS to determine in its "unreviewable discretion" whether an I-130 petitioner with a specified offense

against a minor under the AWA has established that he poses "no risk" to the intended alien beneficiary. 8 U.S.C. § 1154(a)(1)(A)(viii). Because the statute delegates unfettered discretion to the agency to determine risk on a case-by-case basis, the Court is precluded by 8 U.S.C. §1252(a)(2)(B)(ii) from reviewing USCIS's discretionary administration of the statute and its determination that Plaintiff failed to establish he poses no risk to the intended beneficiary. *See Roland v. USCIS*, 850 F.3d 625, 629-30 (4th Cir. 2017) ("A plain reading of the statute at issue here . . . forecloses judicial review in this case. It is clear that the USCIS has 'sole and unreviewable discretion' to determine whether a petitioner poses no risk. Section 1154 thus specifically deems the no-risk determination as discretionary."); *Bremer v. Johnson*, 834 F.3d 925, 929-30 (8th Cir. 2016) ("Whether a citizen poses no risk to an intended beneficiary of a visa petition is a decision or action of the Secretary that Clause (viii) specifies is in the sole and unreviewable discretion of the Secretary. It is therefore not subject to judicial review.")

Plaintiff's complaint alleges violations of the APA based on: 1) USCIS's consideration of certain types of evidence, such as evidence relating to persons other than the I-130 petition's beneficiary (Plaintiff's spouse) and various country condition reports, and alleged failure to adequately consider other evidence presented and 2) USCIS's use of the "beyond a reasonable doubt" standard of proof in "no risk" determinations, including determinations involving adult beneficiaries, under the AWA. Because these alleged violations are challenges to USCIS's discretionary "no risk" determination, the Court lacks jurisdiction to review them.

### 1. The Court lacks jurisdiction to review USCIS's "no risk" determination, including the manner in which USCIS made that determination.

The INA unambiguously commits the determination of whether a petitioner "poses no risk" to the beneficiary of a family-based immigrant visa petition to the "sole and unreviewable discretion" of USCIS. 8 U.S.C. § 1154(a)(1)(A)(viii) ("Clause (i) shall not apply . . . unless the

Secretary of Homeland Security, in the Secretary's sole and unreviewable discretion, determines that the citizen poses no risk to the alien with respect to whom a petition described in clause (i) is filed."); *see also Roland*, 850 F.3d at 629–30; *Bremer*, 834 F.3d at 930–31; *Struniak*, 159 F. Supp. 3d at 652-53 (the "determination of 'no risk' constitutes the relevant 'decision for purposes of § 1252(a)(2)(B)(ii)"). Accordingly, all of Bourdon's claims that challenge USCIS's discretionary "no risk" determination and consequent denial of the I-130 fall within the scope of § 1252(a)(2)(B)'s bar on judicial review. *Id.*

Bourdon argues that he is not seeking review of USCIS's discretionary "no-risk" determination, but rather seeking to compel the agency to properly review the evidentiary record pursuant to its own established procedures and the requirements of the APA. A plaintiff cannot evade the jurisdiction-restricting provisions of §1252(a)(2)(B) by attacking an agency's deliberation of evidence, however, rather than the ultimate outcome of that deliberation. The agency's "decision" for purposes of judicial review, includes not only the ultimate determination of whether a petitioner has met his burden of proving "no risk" to the petition's beneficiary, but also the agency's decision-making process, including what evidence to consider and how to weigh such evidence. *See, e.g.*, *Bremer*, 834 F.3d at 930 ("What evidence the agency requires or considers, however, is an essential part of how the agency exercises its discretion to determine whether a citizen poses no risk."); *Struniak*, 159 F. Supp. 3d at 653-55 ("there is no subject matter jurisdiction to review either the decision itself or the weighing of the evidence employed in reaching the decision, as the weighing was a necessary and prior step towards reaching the final determination").

Attacking USCIS's assessment of the evidence is no less a challenge to USCIS's discretionary denial of the I-130 than a straightforward challenge to the denial itself, and the

Court lacks subject matter jurisdiction to consider an attack from either front. Because the Court lacks jurisdiction to consider Plaintiff's challenge under the APA to USCIS's consideration and weighing of evidence in making its "no risk" determination, that portion of Count VI that challenges the evidence that USCIS considered or the manner in which that evidence was weighed is dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1).

2. **The Court lacks jurisdiction to examine the burden of proof USCIS applied.**

For the same reasons, the Court also lacks jurisdiction to consider the standard of proof employed by USCIS in evaluating petitions under the AWA. In challenging the USCIS's implementation of a "beyond a reasonable doubt" standard, Plaintiff asks the Court to evaluate the evidentiary standard by which USCIS exercises its "sole and unreviewable discretion," and the procedure by which USCIS arrived at that standard as applied to adult beneficiaries. Application of the "no risk" standard, however solely vests in USCIS's authority. *Bremer*, 834 F.3d at 930 (affirming dismissal of a challenge to this "beyond a reasonable doubt" standard because the broad discretion granted to the Secretary of Homeland Security under the AWA "necessarily includes authority to implement practices and procedures for making decisions"); *Struniak*, 159 F. Supp. 3d at 655 ("Because the burden of proof, like the weighing of evidence, is a necessary component in formulating a discretionary determination, § 1252(a)(2)(B)(ii) withdraws subject matter jurisdiction" to review the "beyond a reasonable doubt" standard); *see also Safadi v. Howard*, 466 F. Supp. 2d 696, 699-700 (E.D. Va. 2006) (where a statute does not impose limits on discretionary authority, the entire adjudication process is precluded from judicial review under section 1252(a)(2)(B)(ii)); *Aceijas-Quiroz*, 26 I. & N. Dec. 294 (BIA 2014) ("[T]his delegation of agency authority precludes our review of both the legal and discretionary aspects of the 'no risk' determination.").

Plaintiff errs in divorcing the application of the "beyond any reasonable doubt" standard from the individual "no risk" determination. The burden of proof is a necessary component in formulating the "no risk" discretionary determination and derives from the plain text of the statute. A petitioner may not file an I-130 petition unless USCIS determines that he poses "no risk" to the intended beneficiary. The "beyond any reasonable doubt" standard is the means by which USCIS determines if that "no risk" requirement is met. That determination does not lie outside the scope of the no-risk determination made under § 1154(a)(1)(A)(viii); it *is* the determination made under § 1154(a)(1)(A)(viii). It, therefore, falls under the jurisdiction-limiting provision of § 1252(a)(2)(B)(ii).

A challenge to the burden of proof that USCIS applied in reaching its final discretionary decision is inextricably intertwined with the final discretionary denial of Bourdon's I-130 petition, which is exempt from judicial review under 8 U.S.C. § 1252(a)(2)(B)(ii). Accordingly, Plaintiff's challenges to the "beyond a reasonable doubt" burden of proof, Counts IV and VI, are dismissed.

**C.     Plaintiff's Remaining Claims Fail to State a Claim on Which Relief May Be Granted.**

Plaintiff's remaining claims allege that: 1) the AWA is impermissibly retroactive; 2) Plaintiff has been deprived of a liberty interest in the right to reside with this wife in violation of his right to due process; and 3) lacks authority to enact legislation that interferes with governmental recognition of Plaintiff's marriage. Because these claims fail to state a claim on which relief may be granted, they are dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### 1. The AWA is Not Impermissibly Retroactive.

Plaintiff argues that USCIS's application of the Adam Walsh Act based on a conviction that occurred more than three years prior to the enactment of the Adam Walsh Act violates the presumption against retroactive legislation. That argument lacks merit given the law on retroactivity and the dangers the AWA is meant to address.

When deciding whether an agency has given impermissible retroactive effect to a statutory provision, the Court first determines if Congress has clearly intended for the statute to apply retroactively. *See Landgraf v. USI Film Prods.*, 511 U.S. 244, 280 (1994). If not, the Court must determine whether application of the statute "would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." *Id.* A statute that addresses dangers that arise after its enactment does not operate retroactively. *See Vartelas v. Holder*, 566 U.S. 257, 132 S. Ct. 1479, 1489 n.7 (2012).

The stated purpose of the AWA is "to protect the public from sex offenders and offenders against children." Pub. L. 109–248; 42 U.S.C. § 16901. It provides a means of protecting petition beneficiaries, in the present, from the potential harms the statute is meant to prevent. It is not a retroactive disability but rather a non-retroactive law that "address[es] dangers that arise postenactment." *Vartelas*, 132 S. Ct. at 1489 n.7. This Court joins the many other courts that have, therefore, concluded that the AWA does not operate retroactively. *See Struniak*, 159 F. Supp. 3d at 664; *Bakran v. Johnson*, 192 F. Supp. 3d 585, 594 (E.D. Pa. 2016) (citing cases); *see also Bremer*, 834 F.3d at 932 ("The Adam Walsh Act does not retroactively punish petitioners for past crimes but rather regulates "dangers that arise postenactment"—specifically, the dangers

that convicted sex offenders may pose to new immigrants.") Accordingly, Plaintiff's claim that the AWA operates retroactively in Count I is dismissed.

### 2. Plaintiff's due process claims fail to state a claim on which relief may be granted.

Plaintiff also asserts claims for allegedly due process violations. Plaintiff contends that his protected liberty interest in marriage extends to a constitutionally protected liberty interest in choosing where to live with his spouse and that the AWA unreasonably restricts that right in violation of his rights to both procedural and substantive due process.

Plaintiff first claims that the his procedural due process rights have been violated because he was not afforded all of the opportunities he wanted to present oral testimony and evidence and to rebut factual assumptions in USCIS's decision.[2] Plaintiff was afforded all the process he was due, however. Due process requires "the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). It does not require an agency to hold in-person evidentiary hearings to adjudicate cases. *See Dixon v. Love*, 431 U.S. 105, 115 (1977); *Bremer*, 834 F.3d at 932-33. Formal trial-type hearings are required only where Congress directs that the agency conduct a hearing on the record, *see Pension Benefit Guar. Corp. v. The LTV Corp.*, 496 U.S. 633, 655-56 (1990), and Congress has not required USCIS to do so. *See* 6 U.S.C. § 271(b); 8 U.S.C. § 1154(b). USCIS afforded Plaintiff sufficient procedural due process when it allowed him to present additional evidence on more than one occasion, issued detailed written decisions, and advised him of his rights to appeal. *See Kerry v. Din*, 135 S. Ct. 2128, 2138 (2015); *Bremer*, 834 F.3d at 932-33 (petitoner received sufficient due process

---

[2] Plaintiff also claims that he was denied due process because USCIS guidance instructs that I-130 petition approvals under the AWA should be rare. Plaintiff's claim is not a due process issue, however, but rather goes to USCIS's determination as to how it will consider petitions under the AWA, *i.e.*, an exercise of its "sole and unreviewable discretion."

with regard to denial of I-130 petition when USCIS provided notice of intent to deny petition, and an opportunity to supplement the record, and a written decision identifying the reasons for its action).

Plaintiff also claims the denial of his I-130 petition violated his substantive due process rights. *See* Compl. ¶¶ 55, 59. Plaintiff's substantive due process claim fails, however, because he lacks a protected liberty interest in having his foreign national spouse reside with him in the United States.

For a "right" to be protected by the Due Process Clause, it must be "so rooted in the traditions and conscience of our people as to be ranked fundamental." *Reno v. Flores*, 507 U.S. 292, 303 (1992). Before recognizing a right as "fundamental," the Supreme Court "require[s] . . . a 'careful description' of the asserted fundamental interest" and has refused to recognize as fundamental formulations of a right at a high level of generality. *Washington v. Glucksberg*, 521 U.S. 702, 721 (1997). While the Supreme Court has long recognized a fundamental right to marry, *see, e.g., Loving v. Virginia*, 388 U.S. 1 (1967); *United States v. Windsor*, 133 S. Ct. 2675 (2013), Plaintiff's claim is not that he has been denied the right to marry the person of his choice. Instead, his claim is that he was denied the "right" to petition for a visa for his spouse. Numerous courts have found, however, that constitutional rights to marriage are not implicated when a spouse is removed or denied entry into the United States pursuant to the INA. *See, e.g., Bremer*, 834 F.3d at 932; *Struniak*, 159 F. Supp. 3d at 662-68; *Burbank v. Johnson*, No. 2:14-cv-292-RMP, 2015 WL 4591643, at *7-8 (E.D. Wash. July 29, 2015); *see also Morales-Izquierdo v. Dept. of Homeland Sec.*, 600 F.3d 1076, 1091 (9th Cir. 2010), *overruled in part on other*

*grounds by Garfias-Rodriguez v. Holder*, 702 F.3d 504 (9th Cir. 2012) (en banc) (no substantive due process right for U.S. citizen to live with alien spouse).[3]

Plaintiff and his wife remain legally married and neither the AWA nor USCIS's decision has prevented Plaintiff from exercising his right to marry. Because there is no recognized due process right implicated by USCIS's denial of Bourdon's visa petition, Plaintiff has not stated a plausible claim that denial of his I-130 petition violates any constitutionally protected right. Therefore, Counts II and V are dismissed under 12(b)(6) of the Federal Rules of Civil Procedure.

### 3. Plaintiff's claim that Congress exceeded its authority fails to state a cognizable claim.

Finally, Plaintiff's Count III, Violation of Enumerated Powers, fails to state a cognizable claim. Plaintiff alleges that Congress lacks authority to enact legislation that interferes with governmental recognition of Plaintiff's marriage. However, because, as explained above, the AWA does not interfere with recognition of Plaintiff's marriage–there is no dispute in this case that Plaintiff and Ms. Tran are, in fact, married–Plaintiff's claim fails to state a claim for relief and Count III is dismissed.

### CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss [DE 34] is hereby **GRANTED.** In light of the reasons for dismissal stated above, amendment of Plaintiff's claims in this case would be futile. Therefore, the Complaint is **DISMISSED WITH PREJUDICE**. All

---

[3] Plaintiff also alleges that the AWA violates his right to equal protection under the Fifth Amendment because it infringes on his fundamental right to marry. Compl. ¶¶ 55-56. Although neither party addresses this allegation in their papers, this claim must also be dismissed because, as stated in the Court's substantive due process analysis, the AWA does not infringe on Plaintiff's right to marry.

pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**. The Clerk of the Court is directed to **CLOSE THIS CASE.**

      **DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 8th day of November, 2017.

Copies furnished to:
Counsel of record

                    ROBIN L. ROSENBERG
                    UNITED STATES DISTRICT JUDGE